**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Paul West, Gregory Dickens, Charles M. Hedlund, Robert Wayne Murray, Theodore Washington, and Todd Smith,<br><br>    Plaintiffs,<br><br>vs.<br><br>Janice K. Brewer, Governor of Arizona; Charles L. Ryan, Director, Arizona Department of Corrections; Ernest Trujillo, Warden, Arizona Department of Corrections - Eyman; Carson McWilliams, Warden, Arizona Department of Corrections - Florence; Does 1-50,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-11-01409-PHX-NVW<br><br><br><br><br><br>**ORDER** |

    Plaintiffs are Arizona prisoners under sentence of death. On July 16, 2011, Plaintiffs filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking equitable, injunctive, and declaratory relief. Plaintiff West also filed an emergency motion for a temporary restraining order or a preliminary injunction to enjoin his execution. On July 17, 2011, Defendants filed a response to the motion for injunctive relief and simultaneously requested dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 19, 2011, Plaintiff West was executed.

**I.     Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a certified copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

In this case, Plaintiffs did not pay the $350.00 civil action filing fee, and only Plaintiff West filed an Application to Proceed *In Forma Pauperis*. However, Plaintiff West was executed prior to the Court issuing an order for the collection of the filing fee. Accordingly, Plaintiffs will be permitted 30 days from the filing date of this Order to pay the $350 filing fee or submit properly executed and certified Applications to Proceed *In Forma Pauperis*.

**II.    Motion to Dismiss**

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

1  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.
2  41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
3  need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
4  "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation
5  of the elements of a cause of action will not suffice. *Id.* (citing *Papasan v. Allain*, 478 U.S.
6  265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal
7  conclusion couched as a factual allegation")). In other words, while Rule 8 does not demand
8  detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-
9  harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare
10  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
11  suffice." *Id.*

12  To survive a motion to dismiss, a complaint must contain sufficient factual matter,
13  accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Dismissal may
14  be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts
15  to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
16  (9th Cir. 1990). "The court is not required to accept legal conclusions cast in the form of
17  factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."
18  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor must the court
19  accept unreasonable inferences or unwarranted deductions of fact. *Western Mining Council*
20  *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

21  In their complaint, Plaintiffs allege that the failure of the Arizona Department of
22  Corrections (ADC) to follow its written lethal injection protocol and ADC's use of
23  pentobarbital in place of sodium thiopental create a substantial risk that they will suffer
24  unnecessary pain during execution, in violation of the Eighth Amendment. The Court found
25  no likelihood of success on the merits of this complaint when it denied Plaintiff West's
26  motion for temporary injunctive relief. However, the question for a motion to dismiss is
27

whether Plaintiffs have alleged sufficient facts that, if true, state a plausible claim for relief.

### A. Background

In 2007, Plaintiffs filed a § 1983 complaint challenging numerous aspects of Arizona's then-in-effect lethal injection protocol. That protocol was based on Department Order 710, dated November 1, 2007, and as modified by an exhibit submitted by the parties as part of a joint report to the Court. *See Dickens v. Brewer*, No. CV-07-1770-PHX-NVW, 2009 WL 1904294, at *1 & n.2 (D. Ariz. Jul. 1, 2009) (unpublished order). On July 1, 2009, this Court granted summary judgment in favor of Defendants, concluding that Arizona's protocol was "substantially similar" to that approved by the Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2008), and thus did not subject inmates to a substantial risk of serious harm in violation of the Eighth Amendment. *Id.* On February 9, 2011, the Ninth Circuit Court of Appeals affirmed. *Dickens v. Brewer*, 631 F.3d 1139 (9th Cir. 2011).

The version of the protocol at issue in *Dickens* required sequential administration of: (1) sodium thiopental, an ultra fast-acting barbiturate that induces unconsciousness; (2) pancuronium bromide, a paralytic neuromuscular blocking agent that prevents any voluntary muscle contraction; and (3) potassium chloride, which causes skeletal muscle paralysis and cardiac arrest. On June 10, 2011, ADC formally amended Department Order 710 to provide for the administration of sodium pentothal (thiopental) *or* pentobarbital as the first of the three sequentially-administered drugs. (Doc. 1, Ex. C at Attach. F.)

### B. Count One

Plaintiffs allege that ADC has substantially deviated from its lethal injection protocol and thus there is a substantial risk that the anesthetic drug will not be properly administered, causing serious harm. (Doc. 1 at 15.) Plaintiffs cite to five deviations: (1) failure to adequately train the execution team using pentobarbital; (2) failure to legally obtain drugs from a safe and reputable source; (3) use of the femoral vein as the default access site; (4) failure to leave IV insertion sites uncovered during executions; and (5) the substitution of

pentobarbital for sodium thiopental. (*Id.* at 7-9, 13.)

In *Dickens*, the court upheld the constitutionality of Arizona's lethal injection protocol in part based on the lack of evidence suggesting ADC would not follow the protocol. The court noted that "it is critical for Arizona to follow the procedures set forth in the Protocol when conducting an execution" and that evidence of failure to adhere to past execution procedures could cast doubt on Arizona's ability or willingness to do so in the future. *Dickens*, 631 F.3d at 1149. Assuming Plaintiffs' allegations as true, the Court concludes that he has set forth sufficient facts to survive a motion to dismiss.

### C. Count Two

Plaintiffs allege that although pentobarbital is a barbiturate like sodium thiopental, unlike sodium thiopental it is untested for use as an anesthetic and lacks a standard recognized dosage for inducing anesthetic coma. (Doc. 1 at 5, 10-11.) Plaintiffs also assert that the manufacturer of pentobarbital has warned that the drug is not intended as an anesthetic. (*Id.* at 10, 15-16.) Therefore, according to Plaintiffs, there is a substantial risk that pentobarbital, even if successfully injected, may not prevent needless pain and suffering. (*Id.* at 11, 15.) Plaintiffs further allege, based on problems reported during executions in Alabama and Georgia as well as the affidavit of Dr. David Waisel, that the consciousness checks in Arizona's protocol are insufficient to ensure unconsciousness prior to administration of pancuronium bromide and potassium chloride. (*Id.* at 12-13, 16-17.)

It is uncontested that failing to proper anesthetize a prisoner before administering pancuronium bromide and potassium chloride will result in a substantial, constitutionally unacceptable risk of suffocation. *Baze v. Rees*, 553 U.S. 35, 53 (2008). Accepting Plaintiffs' allegations as true, which it must, the Court determines that Plaintiffs have stated a plausible Eighth Amendment claim.

### II. Scheduling

To expedite consideration of Plaintiffs' claims and provide sufficient time for

discovery and briefing, the Court will hold a scheduling conference on **Wednesday, August 3, 2011**. The parties are directed to meet and confer before the Scheduling Conference, as required by Federal Rule of Civil Procedure 26(f). At this Rule 26(f) Meeting, the parties shall develop a joint Case Management Plan, which contains the following information in separately numbered paragraphs:

1. A discussion of necessary discovery;
2. Proposed specific dates for each of the following (with deadlines falling on a Friday unless impracticable):
   a. A deadline for the completion of fact discovery[1] and disclosure pursuant to Rule 26(a)(3);
   b. Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;[2]
   c. A deadline for completion of all expert depositions;
   d. A deadline for filing dispositive motions; and
3. A discussion of proceeding to trial in lieu of dispositive motions.

The parties shall jointly file the Case Management Plan with the Clerk (e-file the Plan using the Other Documents category and use the drop down event Report re: Rule 26(f)

---

[1] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

[2] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Planning Meeting) no later than **July 29, 2011** (absent extraordinary circumstances, no extensions of time will be granted). It is the responsibility of Plaintiffs to initiate the Rule 26(f) Meeting and preparation of the joint Plan. Defendants shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the proposed plan.

In preparing the joint Plan, the parties should take into account that the Court intends to resolve this matter no later than **December 16** and has tentatively set a bench trial for **October 11**. At the scheduling conference, the Court intends to discuss efficacy of proceeding to trial, including trial briefing, in lieu of dispositive motions.

Based on the foregoing,

**IT IS HEREBY ORDERED:**

(1) Within 30 days of the date this Order is filed, Plaintiffs must either pay the $350.00 filing fee **or** each file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(2) Defendant's Motion to Dismiss (Doc. 11) is **DENIED**.

(3) The parties shall confer as set forth herein and jointly file their Case Management Plan no later than **July 29, 2011**.

(4) A scheduling conference will be held on **Wednesday, August 3, 2011, at 9:00 a.m.** in Courtroom 504, Sandra Day O'Connor United States Courthouse.

DATED this 20th day of July, 2011.

_____
Neil V. Wake
United States District Judge